UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24454-CIV-HUCK/MCALILEY

CHRISTINE EGOVILLE,

    Plaintiff,

vs.

ANDREW SAUL, *Commissioner*
*of Social Security*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Christine Egoville, filed a Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 33). Defendant, Andrew Saul (the "Commissioner"), filed a response. (ECF No. 35). Plaintiff did not file a reply and the deadline to do so has passed. The Honorable Paul C. Huck referred the Motion to me for a Report and Recommendation. (ECF No. 34). For the following reasons, I recommend that the Court deny Plaintiff's Motion.

### I.    Background

Plaintiff filed this lawsuit seeking review of the Commissioner's decision to deny her application for social security disability benefits and supplemental security income. (ECF No. 1). The parties filed cross motions for summary judgment, which Judge Huck referred to me for a Report and Recommendation. (ECF Nos. 10, 23, 26).

1

In my report I recommended that the Court reverse the Commissioner's decision and remand for further proceedings. (ECF No. 29). I concluded that substantial evidence did not support the Administrative Law Judge's ("ALJ") decision because the ALJ failed to resolve an apparent conflict between Plaintiff's limitation to perform simple, routine and repetitive tasks, and the vocational expert's testimony that Plaintiff could perform jobs that require a level two reasoning, under the Dictionary of Occupational Titles ("DOT").[1] (*Id.* at 10-16).[2] The question was a close one for a couple reasons: first, it was difficult to reconcile the terms "simple, routine and repetitive tasks" with "detailed but uninvolved … instructions" and second, there was a split in authority on the subject, with no binding authority from the Eleventh Circuit Court of Appeals. The Court adopted my report and remanded the case. (ECF No. 32).

Plaintiff now asks for an award, pursuant to the EAJA, of $7,885.13 for attorneys' fees she incurred litigating this lawsuit. (ECF No. 33). The Commissioner objects. (ECF No. 35).

**II. Analysis**

As a general rule, each party is responsible for its own attorneys' fees. A statute or enforceable contract that entitles a party to recover their attorney's fees creates an exception to that rule. *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1471 (11th Cir.

---

[1] A level two reasoning requires an individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." U.S. Dep't of Labor, *Dictionary of Occupational Titles*, § 239.687-014, 1991 WL 672235; § 209.585-010, 1991 WL 671797.

[2] I rejected Plaintiff's other argument that the ALJ failed to articulate her reasons for assigning little weight to the medical opinion of Plaintiff's treating psychiatrist. (ECF No. 23 at 7-10).

1984) (citation omitted). The EAJA provides such an exception; it states that a court shall award attorneys' fees to a prevailing party in an action against the United States, unless the court finds that the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Noting the split in authority on the subject, the Commissioner argues that his position was substantially justified.[3] (ECF No. 35). The Commissioner has the burden to prove his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

A position is substantially justified if it is justified "to a degree that could satisfy a reasonable person" or, as it is more often put, if it "has a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988); *Stratton v. Bowen*, 827 F.2d 1447, 1449 (11th Cir. 1987). Stated somewhat differently, "if a reasonable person could think it correct," then a position is substantially justified. *Pierce*, 487 U.S. at 566 n.2.

The Court of Appeals for the Eleventh Circuit recognized this non-exhaustive list of factors that courts may consider when they assess the reasonableness of the government's position: (1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) the clarity of the governing law; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position. *United States v. Pease*, 127 F. App'x 220, 225 (11th Cir. 2005).

---

[3] This is the Commissioner's only challenge to Plaintiff's entitlement to attorneys' fees.

Here, the Commissioner's position was substantially justified. As noted, courts were divided on the issue Plaintiff raised in her Complaint. There was legal authority that supported the Commissioner's position.[4] After Plaintiff filed her Motion for Attorneys' Fees, the Eleventh Circuit, in a published opinion, decided the issue, in a manner consistent with the position the Commissioner took here. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1134-36 (11th Cir. 2021). The Court acknowledged that this is a "close question" and decided that "[t]here is not an apparent conflict here between [the plaintiff's] [residual functional capacity], which limits her ability to 'understand, carry-out, and remember simple instructions,' and the identified positions with a reasoning level of two." *Id.* at 1134.

Plainly, the Commissioner's position had "a reasonable basis both in law and fact." *Stratton*, 827 F.2d at 1449; *see also Salermo v. Saul*, No. 18-cv-979, Doc. 32, Order, at 6-7 (M.D. Fla. Feb. 20, 2020) (denying motion for attorneys' fees and finding the defendant's position was substantially justified because "the case law is far from clear on the issue of whether reasoning level[] 2 ... [is] inconsistent with a restriction to simple work, [and

---

[4] The Commissioner relied upon the position of several district courts within this Circuit and a decision from the Fourth Circuit Court of Appeal, that found no apparent conflict exists. *See Jordan v. Saul*, No. CV 119-069, 2020 WL 2762544, at *7 (S.D. Ga. May 4, 2020), *report and recommendation adopted*, 2020 WL 2751890 (S.D. Ga. May 27, 2020); *Benoit v. Comm'r of Soc. Sec.*, No. 18-cv-632, Doc. 21, Order, at 5-6 (M.D. Fla. Feb. 25, 2020); *Lucas v. Saul*, No. 19-cv-60670, Doc. 28, R&R, at 18 (S.D. Fla. Oct. 1, 2019); *Lawrence v. Saul*, 941 F.3d 140, 143-44 (4th Cir. 2019). The Commissioner further relied upon two unpublished decisions of the Eleventh Circuit, *Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005 (11th Cir. 2020) and *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793 (11th Cir. 2011).

therefore] reasonable minds could differ as to the outcome of the plaintiff's case."). It follows that Plaintiff is not entitled to recover her attorneys' fees from the United States.

### III. Recommendation

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's Motion for Attorneys' Fees, (ECF No. 33).

### IV. Objections

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in Miami, Florida, this 20th day of July 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Paul C. Huck
    Counsel of record